## CIRCUIT COURT OF THE CITY OF RICHMOND

Sara Jayne Sommers

v.

La Vogue Corp.,
Charles W. Gee,
and Rebecca P. Gee

January 12, 1979

Case No. B-988

## By JUDGE WILLARD I. WALKER

This matter is now before the court on the defendant's demurrer to the amended motion for judgment. The grounds of this demurrer are that the amended motion for judgment on its face demonstrates that this action is barred by the statute of frauds.

The facts of this matter are set forth in detail in the amended motion for judgment and are briefly restated herein.

In May of 1978 the plaintiff was gainfully employed in North Carolina. The defendant La Vogue Corporation approached the plaintiff through its employees Charles W. Gee and Rebecca P. Gee, and verbally contracted with the plaintiff for her employment with La Vogue Corporation in Richmond, Virginia. The plaintiff accepted this verbal offer of employment and moved herself and her family to Richmond at some expense in order to accept the position. The terms of the oral contract were essentially that the plaintiff would receive an annual salary of $20,000 and other perquisites that are not pertinent to this decision.

The duration of the contract was by agreement between plaintiff and the employees of the defendant La Vogue from the time of its inception to continue until the death of the plaintiff or until the attainment by the plaintiff of the age of sixty-five, whichever should first occur.

From May 29, 1978, when the plaintiff first began employment, until June 12, 1978, when she was discharged by the defendant La Vogue acting through its employees Charles W. Gee and Rebecca P. Gee, the plaintiff capably performed all duties specified in the contract of employment.

On the fact of the pleadings and on the fact of the contract, this contract is in violation of the statute of frauds, inasmuch as it is an oral contract for services not to be performed within one year. The fact that the duration of the contract was death or age sixty-five, whichever occurs first, does not alter this. Death of the plaintiff within one year would be a termination of the contract, not a fulfillment of it. Accordingly, the contract is obviously for a period of more than one year.

With respect to the concept of part performance, it is the court's opinion that the part performance of an alleged oral contract for personal services does not take the contract from under the restrictions of the statute of frauds; but even if it were, this part performance must be such as affirms the existence of the terms of the oral contract on which the plaintiff is suing and not consistent with other contracts, such as a contract of employment terminable at will by the employer. As was stated in the case of *T. v. T.*, 216 Va. 867 (1976), "[m]oreover, the act or acts of part performance must be of such unequivocal nature as to be evidence of the existence of an agreement . . . . Indeed, the part performance must be consistent with no theory other than the existence of the alleged oral contract . . . ."

Accordingly, the demurrer of the defendant based upon the statute of frauds must be sustained, and this action dismissed without leave to the plaintiff to refile.